**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BEN SLATER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **v.** | ) | |
| | ) | |
| **TOTAL SECURITY MANAGEMENT,** | ) | |
| **Inc., and BERNADETTE RAMOS,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

# COMPLAINT

## Introductory Statement

1. Plaintiff BEN SLATER brings this action against Defendants TOTAL SECURITY MANAGMENT, Inc., a corporation, and BERNADETTE RAMOS, pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq. Plaintiff seeks relief from Defendants for violating the FMLA by interfering with the exercise of his FMLA rights.

## Jurisdiction

2. This Court has jurisdiction over Plaintiff's claims under 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

3. This Court is the appropriate venue under 28 U.S.C. § 1391.

## Parties

4. Plaintiff Ben Slater is a private citizen who currently resides in Chicago, Illinois and resided there at all times relevant to this lawsuit. Plaintiff was an "eligible employee" under the FMLA because he had been employed by Defendants for more than

twelve months and he had worked at least 1,250 hours in the year preceding his need for or request for FMLA leave. 29 U.S.C. § 2611(2)(A).

5. Defendant TOTAL SECURITY MANAGMENT, Inc. is an Illinois corporation with its principal place of business at 17 W 220 W. 22nd St., Oak Brook Terrace, Illinois. At all times relevant to this Complaint, Defendant TOTAL SECURITY MANAGEMENT, Inc. ("the Company") was Plaintiff's "employer" for purposes of the FMLA because it employed 50 or more employees within a 75-mile radius of Plaintiff's workplace for each working day during each of 20 or more calendar workweeks in the current or preceding year. 29 U.S.C. § 2611(4). Defendant Bernadette Ramos is the manager for the Company who terminated Plaintiff's employment.

**Statement of Facts**

6. Defendant Total Security Management, Inc., ("the Company") is a large security firm with several offices in the United States and Canada, providing a variety of commercial security services.

7. The Company hired Mr. Slater on or around March 2008 as a security guard.

8. On March 14, 2011, Mr. Slater told his supervisor, Timothy Gatardo, that he would need to be absent from work on March 15 in order to take his mother to the hospital for treatment. Mr. Slater informed his supervisor that his mother was 90 years old and was suffering from chest pains, the inability to stand or walk, shortness of breath, dizziness, weakness and difficulty swallowing.

9. In response, Mr. Gatardo told Mr. Slater that he (Gatardo) had a company to run, that Mr. Slater should have told Mr. Gatardo this two weeks ago and that Mr. Slater should do what he had to do and suffer the consequences upon returning.

10. On March 15, Mr. Slater took his mother to the hospital for treatment and spent most of the day at the hospital.

11. On March 16, 2011 Mr. Slater returned to work and was told to report to manager Bernadette Ramos the next day.

12. When Mr. Slater reported to manager Bernadette Ramos on March 17, 2011, Ms. Ramos fired Mr. Slater for missing work on March 15.

**Applicable Law – The Family and Medical Leave Act of 1993**

13. The Family and Medical Leave Act of 1993 ("FMLA") guarantees that eligible employees may take leave in order to care for the employee's parent with a serious health condition. 29 C.F.R § 825.112(3). The care provided for an ill parent. "encompasses both physical and psychological care. It includes situations where, for example, because of a serious health condition, the family member is unable to… transport himself or herself to the doctor." 29 C.F.R. §825.124(a)

14. An "eligible employee" under the FMLA is an employee who has been employed (a) for at least 12 months by the employer with respect to whom leave is requested, and (b) for at least 1,250 hours of service with such employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A).

15. A covered employer under the FMLA is any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for

each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4)(A)(i).

16. A covered employer is also any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. 29 U.S.C. § 2611(4)(A)(ii)(I).

17. Where FMLA leave is not foreseeable, the employee must provide the employer with "such notice as is practicable." 29 U.S.C. § 2612(e)(1).

18. Upon returning from FMLA leave, the employee must be restored to the position the employee held when the leave commenced or to an "equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

19. It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise an employee's FMLA rights. 29 U.S.C. § 2915(a)(1).

20. It is also unlawful for an employer to discharge or in any other manner discriminate against any individual who takes FMLA leave. 29 U.S.C. § 2615(a)(2).

## Count I

21. Defendants interfered with Mr. Slater's FMLA rights by terminating his employment in March 2011.

22. Defendants' FMLA violations were not in good faith and they did not have reasonable grounds for believing that their actions were not in violation of 29 U.S.C. § 2615.

23. Defendant Bernadette Ramos acted in the interests of defendant Total Security Management in terminating Mr. Slater's employment.

**Prayer for Relief**

WHEREFORE, Plaintiff Ben Slater respectfully requests that this Court:

A. Pursuant to any jury verdict for Plaintiff, direct Defendants to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which he was denied or lost as a result of the violations, plus pre- and post-judgment interest on this amount at the prevailing rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i);

B. Pursuant to any jury verdict for Plaintiff, direct Defendants to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

C. Award Plaintiff reasonable attorney's fees and his costs in bringing this action, including reasonable expert witness fees and other costs of the action to be paid by Defendants pursuant to 29 U.S.C. § 2617(a)(3);

D. Award Plaintiff reinstatement in his position as a security guard, or if reinstatement is not feasible, award him a reasonable amount of front pay; and

E. Grant such other relief as the Court deems is just and proper.

Respectfully submitted,

ATTORNEY FOR PLAINTIFF

Timothy Huizenga
Matthew J. Monahan
Legal Assistance Foundation
120 South LaSalle Street, Suite 900
Chicago, IL 60603-3425
(312) 341-1070