# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 701 | **DATE** | 2/8/2012 |
| **CASE TITLE** | Slater vs. Total Security Management Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied in part; Plaintiff is directed to pay a partial filing fee of $200 within 28 days of this order if he wishes to proceed with this action. Once the filing fee is paid, the Court will direct the United States Marshals Service to effectuate service of the summons and the complaint unless counsel for Plaintiff notifies the Court that he will be responsible for service. If Plaintiff does not pay the partial filing fee within 30 days (or any further extension of time that the Court may permit), this case will be dismissed without prejudice. Please see below for further explanation.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* [3]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. See generally 28 U.S.C. § 1915(a)(1). The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The latest available HHS poverty guidelines for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $10,890.

In his financial affidavit, Plaintiff avers that his monthly salary is approximately $1,400, and thus on an annualized basis he would earn $16,800. He also states that he has received unemployment benefits in the amount of $3,500 within the past 12 months. Finally, Plaintiff lists a house valued at more than $90,000 which he inherited and on which there is no mortgage. In view of Plaintiff's income and the equity in his home and the fact that Plaintiff reports no dependents, the Court concludes that Plaintiff's financial resources are sufficiently above the poverty line that a total waiver of the filing fee would be inappropriate. However, in view of Plaintiff's modest income, the Court will waive a portion of the filing fee. Plaintiff is given thirty days within which to pay $200 of the filing fee; he may request additional time if necessary to raise the funds. Once the filing fee is paid, the Court will direct the United States Marshals Service to effectuate service of the summons and the complaint

| STATEMENT |
|---|
| unless counsel for Plaintiff notifies the Court that he will be responsible for service. If Plaintiff does not pay the partial filing fee within 30 days (or any further extension of time that the Court may permit), this case will be dismissed without prejudice. |